**IN THE COURT OF APPEALS OF IOWA**

No. 20-0004
Filed March 18, 2020

**IN THE INTEREST OF A.M. and A.M.,**
**Minor Children,**

**S.M., Father,**
    Appellant,

**A.M., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

    A mother and father separately appeal the termination of their parental rights to their two children. **AFFIRMED ON BOTH APPEALS.**

    Christine Sand of Wild, Baxter & Sand, PC, Guthrie Center, for appellant father.

    Donna M. Schauer of Schauer Law Office, Adel, for appellant mother.

    Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

    Yvonne C. Naanep, Des Moines, guardian ad litem for minor children.

    Bryan Tingle of Tingle Law Office, Des Moines, attorney for minor children.

    Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their two children, born in 2006 and 2012.

### I.    *Background Facts and Proceedings*

The department of human services became involved with the family based on concerns about the mother's use of illegal substances and the father's failure to exercise proper supervision.  The State applied to have the children temporarily removed from parental care.  The district court granted the application.  Following a hearing, the court ordered the children returned to their father.

Several months later, the State filed another application for temporary removal, alleging the father allowed the mother to care for the children despite his knowledge that she was not to be left alone with them.  The district court granted the application.  The court later adjudicated the children in need of assistance and entered a dispositional order confirming the adjudication.

The father filed a notice of appeal.  This court affirmed the dispositional order.  *See In re A.M.*, No. 18-0141, 2018 WL 2084911, at *1 (Iowa Ct. App. May 2, 2018).

Meanwhile, the State applied for a temporary no-contact order to keep the mother's "domestically violent boyfriend" away from the children.  The district court granted the application.  The court ordered the man to "refrain from visiting, seeing, speaking to, communicating with personally or through third persons, or being generally at or near the children and their residential dwelling or wherever the children are likely to be."  In a later permanency review order, the court cited the

department's "continued" concerns about the mother's ongoing relationship with the man.

Although the mother did not curtail her relationship with the man, she made progress on other fronts. She successfully completed an inpatient drug treatment program and obtained employment and housing. The children's father participated in visits with the children but otherwise did not engage in reunification services.

The State petitioned to terminate parental rights. Following a bifurcated hearing, the district court granted the petition, terminating parental rights pursuant to two statutory grounds.

On appeal, the parents argue: (A) the record lacks clear and convincing evidence to support the grounds for termination cited by district court; (B) termination was not in the children's best interests; and (C) the district court should have granted an exception to termination based on the parent-child bond.

## II. Analysis

### A. Grounds for Termination

We may affirm if we find clear and convincing evidence to support either of the grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). We will focus on Iowa Code section 232.116(1)(f) (2019), which requires proof of several elements, including proof the children could not be returned to parental custody.

The children were out of parental care for a month shy of two years. The department case manager testified the department's intent was to transition the

children back to the mother on her completion of the drug-treatment program. She acknowledged the mother did "a lot of good things during the course of this case." She did so well that the department recommended a six-month extension to fully prepare her for reunification at the end of the children's school year. That "never happened" because the mother "made [it] very clear that her intention [was] to remain in a relationship with" the man against whom the no-contact order was entered. The case manager noted that the man had "a lengthy criminal record and a long history of substance abuse" and "[t]here had been domestic violence in the relationship . . . [that] adversely affected the children." Significantly, the man moved into the apartment next to the mother's apartment notwithstanding the continuing no-contact order, a move the case manager characterized as "completely inappropriate." She did not recommend returning the children to the mother, reasoning "[h]er words and her actions don't align."

On our de novo review, we agree with the department's assessment of the mother. The mother understood the threat the man posed to her safety and the safety of the children but declined to sever her relationship with him. Although she testified to taking "a break" from the relationship, the district court rightly construed her statement as a concession the mother did "not intend to end the relationship." Because the mother had two years to work toward reunification and had yet to internalize the threat the man posed, we agree with the district court that the children could not be returned to her custody.

The same holds true for the father. Although he attended one-hour weekly supervised visits and was "appropriate" during the visits, the department reported he was "not in a position to take them." He tested positive for illegal substances,

did not complete a recommended substance-abuse evaluation or a mental health evaluation or treatment, and he failed to maintain "contact with the [d]epartment consistently throughout the case." The State proved the children could not be returned to his custody.

### B. Best Interests

Termination must serve the children's best interests. *See* Iowa Code § 232.116(2). The case manager testified she had "no doubt that [the] children love their parents" and she had "no doubt that the parents love their children." We are persuaded their love could not overcome the safety threats described above. We agree with the district court that termination was in the children's best interests.

### C. Exception to Termination

The district court may decline to terminate parental rights based on several factors, including the parent-child bond. *See* Iowa Code § 232.116(3)(c). Both parents invoke that factor.

The mother had extensive contact with the children, including overnight visits for a period of time. The older child wished to live with his mother but, at the same time, feared the man with whom she had a relationship. The younger child similarly feared the man. Under these circumstances the district court appropriately declined to apply the exception in favor of the mother.

As for the father, he did not participate in the termination hearings and his attorney informed the court she was "not aware of his location." The record provides scant support for invoking the permissive exception to termination as to him.

We affirm the termination of the parents' rights to the children.

**AFFIRMED ON BOTH APPEALS.**